UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EVERALD GEORGE IVEY** | : | **DOCKET NO. 15-cv-2141** |
| **B.O.P. # 12142-02** | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Everald George Ivey ("Ivey"). Ivey is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

## I.
### BACKGROUND

Ivey was arrested by the Mississippi Highway Patrol on November 12, 2002, for possession with intent to distribute cocaine. Doc. 1, att. 2, p. 12. He was sentenced in state court on September 18, 2003, to a four year term of imprisonment. *Id.* On February 17, 2005, he was temporarily released to the custody of the United States Marshals Service (hereinafter "USMS") pursuant to a federal writ of *habeas corpus ad prosequendum. Id.* Ivey's state sentence expired on December

18, 2005, and he was released on bond on May 19, 2006. *Id.* He was sentenced on June 29, 2006, in the United States District Court for the Northern District of Mississippi, to 210 months imprisonment for conspiracy to distribute narcotics.[1] *Id.* at 3, 8.

Ivey claims that he should receive credit towards his federal sentence for the time that he spent in a federal facility prior to the final resolution of his federal charges, from February 17, 2005, through December 18, 2005. Doc. 1, att. 1, p. 7; doc. 1, p. 6.  He also seeks federal sentence credit from May 20, 2006, through June 28, 2006, which comprises the time that he was released on bond until he was sentenced in federal court. Doc. 1, p. 6. In support of his claims, Ivey contends that the state's decision to release him to the USMS caused the state to lose jurisdiction over him and that he is entitled to credit from "the time he was placed in federal detention to the final resolution of the federal proceedings." Doc. 1, att. 1, pp. 3–4.

## II.
### LAW AND ANALYSIS

Ivey's argument that he is entitled to credit against his federal sentence for the time spent in USMS custody implicates 18 U.S.C. § 3585(b). That statute provides in pertinent part:

> **Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.* (Emphasis added).

The plain language of this provision makes it clear that a prisoner cannot receive double credit for his detention time. *United States v. Wilson*, 112 S.Ct. 1351, 1355–56 (1992). Thus Ivey cannot

---

[1] Reduced to 168 months in 2015. Doc. 1, att. 2, pp. 3, 9.

obtain credit against his federal sentence for time served in the custody of the USMS if that time has already been credited to another sentence. The documents produced by Ivey indicate that he received credit toward his state sentence until it expired on December 18, 2005. Doc. 1, att. 2, p. 12. Therefore this time cannot be credited to his federal sentence.

Further, Ivey's contention that the state lost jurisdiction over him when it released him to the USMS via a federal writ on February 17, 2005, is without merit. Fifth Circuit law is clear that if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is temporary as a writ of *habeas corpus ad prosequendum* is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). Thus, while Ivey was "on loan" to federal authorities pursuant to the federal writ, the state's custody over him remained uninterrupted until his state sentence expired on December 18, 2005. Accordingly, Ivey was not entitled to receive credit toward his federal sentence until December 19, 2005.

Ivey's claim that he is entitled to credit on his federal sentence during the time that he was released on bond is also without merit. The Supreme Court has held that a defendant is not entitled to credit for time spent released on bail. *See Reno v. Koray*, 115 S.Ct. 2021, 2023 (1995). The Fifth Circuit has also held that 18 U.S.C. § 3585(b) does not afford a petitioner credit for time free on bond. *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992). Thus Ivey was not entitled to receive credit toward his federal sentence from May 20 through June 28, 2006.

In short, Ivey has not shown that his custody is in violation of the Constitution and laws of the United States and his petition should be dismissed.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Ivey's Application for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

**A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 8th day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE